UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Angela N. Compton,

    Plaintiff,                                                      Case No. 1:19cv973

      v.                                                               Judge Michael R. Barrett

The Honorable Barbara Barrett, *et al*.,

    Defendants.

## **ORDER**

This matter is before the Court on the Magistrate Judge's January 27, 2020 Report and Recommendations ("R&R") recommending that this action be dismissed with prejudice for failure to state a claim for relief. (Doc. 4). On February 3, 2020, Plaintiff filed an "Answer to Magistrate Recommendation due on February 10, 2020 and Amended Complaint for Clarity." (Doc. 5).

### **I.**     **STANDARD OF REVIEW**

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's

report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## I. BACKGROUND

This case is a *pro se* civil action in which Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Plaintiff brings claims against (1) The Honorable Barbara Barrett, Secretary of the Air Force, (2) Marianne Martineau, Acting Director of the Department of Defense Consolidated Adjudications Facility, and (3) The Honorable Mark Esper, U.S. Secretary of Defense. Plaintiff asserts claims under the Freedom for Information Act 5 U.S.C. § 552(a), the Fourth and Fifth Amendments of the U.S. Constitution, the Fair Credit Reporting Act 15 U.S.C. § 1681, and 50 U.S.C. § 3341. Plaintiff claims that the Department of Defense, United States Air Force ("DoD USAF") and the Department of Defense Consolidated Adjudication Facility ("DoD CAF") caused her security clearance record to contain derogatory information resulting in her inability to obtain any engineering job as well as causing engineering job offers to be revoked due to the "misinformation in her security file." (Doc. 3). Attached to Plaintiff's Complaint is a copy of a Request to Amend Record and Matching Systems of Record ("Request") which she submitted to the U.S. Air Force on October 23, 2018. (Doc. 3). In this Request, Plaintiff requested her security clearance record be amended by "invoking the Privacy Act of 1974, 32 CFR 806b, Air Force Privacy Act Program." (Doc. 3).

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Magistrate Judge recommends that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim for relief. (Doc. 4). The Magistrate Judge explained that this Court lacks jurisdiction over Plaintiff's claims because federal courts lack jurisdiction to review an agency decision to revoke a security clearance. (Doc. 4).

II.     **ANALYSIS**

Plaintiff broadly objects to the Magistrate Judge's determination that this Court lacks jurisdiction over her claims. However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Even if the Court were to construe Plaintiff's response to the R&R in the most liberal fashion, her filing does not contain any "specific written objections" as required by Federal Rule Civil Procedure 72(b)(2).

Plaintiff's eleven-page objection also includes an "Amended Complaint for Clarity" in which she makes several new claims and clarifications as to the type of relief she is now seeking. Specifically, Plaintiff clarifies that she is not requesting the Court to "review a revoked security clearance nor to review merits of an agency executive branch security clearance decision." (Doc. 5, at 7). Plaintiff argues that because Defendants violated her Constitutional due process rights, did not follow the procedural requirements due under the Privacy Act, 5 U.S.C. § 552a(d), and "acted or failed to act in an official capacity or under color of legal authority," there is federal question jurisdiction arising under both the Constitution and federal statutes. (Doc. 5, at 4, 5, 8). Plaintiff focuses primarily on the claims of lack of due process under the Privacy Act as the basis for jurisdiction and

attempts to take back her initial Complaint's request for the Court to review/amend her security clearance record due to the "misuse and misrepresentation of [her] security record." (Doc. 3-1).

Even if Plaintiff were permitted to amend her Complaint, Plaintiff's claim would be dismissed for failure to exhaust her administrative remedies. Under the Privacy Act, 5 U.S.C. § 552a, an individual may request that a federal agency amend any record "pertaining to" the individual which is not "accurate, relevant, timely or complete." 5 U.S.C. §§ 552a(d)(1); 552a(d)(2)(B)(I). If the request is denied, the individual may request that the agency review the denial. 5 U.S.C. § 552a(d)(3). If the reviewing official also denies the request, the individual may then bring a civil action in federal district court challenging the agency's refusal to amend. 5 U.S.C. §§ 552a(d)(3); 552a(g)(1). As one court has explained:

> An individual seeking amendment of a record must follow the procedures laid out in subsections 552a(d)(2) and (d)(3) of the Privacy Act, namely, request amendment of the record and, if the request is denied, request review of the denial. The Act only authorizes suit after an agency "makes a determination under subsection (d)(3) ... or fails to make such a review in conformity with that subsection." 5 U.S.C. § 552a(g)(1)(A). In other words, no suit will lie until subsection (d)(3) has been invoked and the explicit steps of the statute followed. See Dickson v. Office of Personnel Management, 828 F.2d 32, 40 (D.C.Cir.1987).

*Blazy v. Tenet*, 979 F. Supp. 10, 18 (D.D.C. 1997), *aff'd*, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998); *see also Wilson v. James*, 139 F. Supp. 3d 410, 435 (D.C.C. 2015) (citing *Leighton v. C.I.A.*, 412 F. Supp. 2d 30, 35 (D.C. Cir. 2006) ("Only after following this two-step process may an individual seek judicial review."). Therefore, the Privacy Act requires that the individual requesting the amendment exhausts his or her administrative remedies before seeking review in federal court. *Al-Beshrawi v. Chao*, No.

5:06cv369, 2007 WL 1231477, at *7 (N.D. Ohio Apr. 23, 2007) (citing *Williams v. Bezy*, 2004 WL 959730, *1 (6th Cir. 2004)).  While Plaintiff may have requested the amendment of her records, she has not alleged that she has exhausted her administrative remedies under the Privacy Act.  Therefore, Plaintiff has not met this pre-requisite to bringing an action in district court.  *See Metadure Corp. v. United States*, 490 F. Supp. 1368, 1375 (S.D.N.Y. 1980).

Moreover, "by its own terms, the Privacy Act creates a cause of action only against federal agencies, not individuals." *Williams v. United States*, No. 6:10-CV-168-KSF, 2011 WL 1113946, at *7 (E.D. Ky. Mar. 24, 2011) (citing 5 U.S.C. § 552a; *Williams v. Bezy*, 97 F. App'x. 573, (6th Cir. 2004); *Trimble v. United States*, 28 F.3d 1214 (Table), 1994 WL 284092, *1 (6th Cir. June 23, 1994); *Windsor v. The Tennessean*, 719 F.2d 155, 159–60 (6th Cir.1983); *Sloan v. Trans Union, LLC*, No. 2:10–CV–10356, 2010 WL 1949621 at *3 (E.D. Mich. April 22, 2010)).  Here, Plaintiff has only brought suit against individuals, and not the federal agency itself.

### III.　　CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's January 27, 2020 R&R (Doc. 4) to be thorough, well-reasoned, and correct.  Accordingly, the Magistrate Judge's January 27, 2020 R&R (Doc. 28) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 5) are **OVERRULED**.  It is hereby **ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED with PREJUDICE** for failure to state a claim for relief;

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore Plaintiff is **DENIED** leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma*

*pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977); and

3. This matter is **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                                       */s/ Michael R. Barrett*
                                                   Michael R. Barrett
                                                   United States District Court